[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12818
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00699-EAJ


WESLEY R. MILLS,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 16, 2016)


Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Wesley Robert Mills appeals from the district court's order affirming the Administrative Law Judge's (ALJ) denial of his application for a period of disability and disability insurance benefits (DIB), 42 U.S.C. § 405(g).  Mills contends the ALJ committed reversible error in failing to analyze his mental impairment using the special technique required by the Social Security regulations and *Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005), because the evidence in the record established that he presented a colorable claim of mental impairment.[1]

The ALJ did not make a specific finding regarding whether Mills presented a colorable claim of mental impairment.  *Id.* at 1214 (discussing "a colorable claim of mental impairment").  However, because the ALJ analyzed and discussed Mills' evidence of mental impairment including complaints of depression and a bipolar diagnosis, we infer from that analysis and discussion that the ALJ determined that Mills' claim was at least colorable.  *See Richardson v. United States*, 468 U.S. 317, 326 n.6 (1984) ("A colorable claim, of course, presupposes that there is some possible validity to a claim.").

Because the ALJ implicitly found that Mills presented a colorable claim of mental impairment, our precedent and the Social Security regulations require the ALJ to complete a Psychiatric Review Technique Form (PRTF) or incorporate the

---

[1]  While Mills asserts other issues on appeal, our disposition of this issue makes discussion of the other issues unnecessary.

2

analysis of a PRTF into the decision. *Moore*, 405 F.3d at 1214 (construing 20 C.F.R. § 4024.1520a and stating "the social security regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into [the ALJ's] findings and conclusions" if a claimant has presented a colorable claim of mental impairment).  It is undisputed that the ALJ did not complete a PRTF and append it to the decision;[2] thus, we must determine if the ALJ's analysis of Mills' mental impairment incorporated the PRTF technique into the decision.

The PRTF technique requires rating the degree of a claimant's functional limitations in four broad areas: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation."  20 C.F.R. § 404.1520a(c)(3).  The regulations provide the first three factors (activities of daily living; social functioning; and concentration, persistence, or pace) are rated on a five-point scale of "[n]one, mild, moderate, marked, and extreme" while the "fourth functional area (episodes of decompensation)" is rated using "the following four-point scale:  [n]one, one or two, three, four or more."  20 C.F.R. 404.1520a(c)(4).  The regulations provide:

> At the [ALJ] hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique.  The decision must show the significant history, including examination and laboratory findings, and the functional limitations

---

[2]  While the record contains a PRTF prepared by a psychologist in December 2010, that PRTF makes no mention of Mills' diagnosed bipolar disorder and was not attached to or referenced in the ALJ's decision.

that were considered in reaching a conclusion about the severity of the mental impairment(s). *The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.*

20 C.F.R. § 404.1520a(e)(4) (emphasis added).

The ALJ's decision does not specifically reference the PRTF technique. The ALJ discusses some of the functional areas in analyzing Mills' claim, however, so we must determine whether the ALJ's reasoning was enough to comply with the PRTF requirement. *See Moore*, 403 F.3d at 1214. As to activities of daily living, the ALJ found "[t]he claimant's activities of daily living do no[t] evidence any limitations due to mental impairments." As to concentration, persistence, and pace, the ALJ's decision discussed that Mills reported difficulty with concentration because of pain, but that the limitation was the result of his physical condition. The ALJ also noted that Mills alleged problems completing tasks, but then reported he finishes what he starts. This limitation was as a result of Mills' physical condition, however. The ALJ noted that on an October 2010, report, that Mills no longer alleged problems with concentration.

The ALJ's opinion references one episode of decompensation.[3] The ALJ discussed Mills' involuntary hospitalization under the Baker Act[4] in January 2009.

_____

[3] Episodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace. Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs

4

In this episode of decompensation, the claimant's wife "called the police after [Mills] turned off the electricity in his home, kept his father-in-law confined to his room, and indicated that he thought he was God and Bin Laden lived next door." Mills denied feeling depressed, having hallucinations, or having suicidal or homicidal ideations. Mills denied ever seeing a psychiatrist or taking any psychotropic medications. Mills admitted to mood swings and racing thoughts, and was diagnosed with bipolar disorder. Mills was discharged with medications, and was to follow up with an outpatient clinic. There was no record of any follow up treatment, however.

Thus, at the time of the ALJ's opinion,[5] Mills had one episode of decompensation in the record. The ALJ then found, despite that single hospital

that would ordinarily require increased treatment or a less stressful situation (or a combination of the two). Episodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g. hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.00(C)(4).

[4] Chapter 394, Part 1 of the Florida Statutes, also known as the "Baker Act," governs mental health services, including voluntary admissions, involuntary examinations, and involuntary placement.

[5] Mills included hospital records of another episode of decompensation in November 2009, in his appeal before the Appeals Council. However, this evidence was not before the ALJ at the time of the ALJ's decision.

5

admission, that Mills did not have a severe mental impairment.   The ALJ concluded:

> Despite that single admission, there is no evidence of any mental functional limitations, no complaints of depression to any treating source, and no treatment for a mental health complaint.  The claimant's activities of daily living do no[t] evidence any limitations due to mental impairments.  Accordingly, the claimant does not have a severe mental impairment.

Although the ALJ's opinion incorporated analysis of three of the four functional limitations, the decision does not reference social functioning.  The regulations state "[t]he decision *must* include a specific finding as to the degree of limitation in *each* of the functional areas described . . . ."  20 C.F.R. § 404.1520a(e)(4) (emphasis added).  The ALJ's decision does not include a specific finding as to the degree of limitation in social functioning, and therefore does not comply with the regulations.

The judgment of the district court is reversed and the case is remanded with instructions to remand the matter to the ALJ for an evaluation of Mills' mental impairment that complies with the applicable regulations.[6]

**REVERSED AND REMANDED.**

---

[6] We express no opinion on the ultimate results of the PRTF, only that the technique must be utilized as mandated by the regulations.